IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY GEORGE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 23-826 ) |
| MARTIN O'MALLEY,[1] *Commissioner of Social Security*, | ) ) ) ) |
| Defendant. | ) |

O R D E R

AND NOW, this 27th day of June, 2024, upon consideration of the parties' cross-motions for summary judgment, the Court, after reviewing the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits ("DIB") under Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, and his claim for supplemental security income ("SSI") under Subchapter XVI of the Act, 42 U.S.C. § 1381 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely

---

[1] Martin O'Malley is substituted as the defendant in this matter, replacing former Acting Commissioner Kilolo Kijakazi pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g).

1

because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[2]

---

[2] Plaintiff argues that the Administrative Law Judge ("ALJ") failed to adequately assess the medical opinions in this case in formulating Plaintiff's residual functional capacity ("RFC"). He further contends that the ALJ misinterpreted the term "stable" and that he failed to consider the differences in Plaintiff's RFC from before and after Plaintiff's date last insured. The Court finds no merit to these arguments and finds instead that the ALJ's findings are supported by substantial evidence.

Plaintiff first argues that the ALJ erred in finding the opinions of the state agency consultants (R. 95-125, 128-78) to be more persuasive that that of his treating primary care physician, Joseph Labuda, M.D. (R. 463-68). However, while Plaintiff frames his argument as one challenging the ALJ's evaluation of the consistency and supportability of the various medical opinions, he emphasizes that it was improper for the ALJ to have found the opinion of his "treating, examining" doctor to be less persuasive. (Doc. No. 10, p.18). The Court emphasizes, though, that for cases such as this one, filed on or after March 27, 2017, the amended regulations set forth at 20 C.F.R. §§ 404.1520c and 416.920c apply to an ALJ's consideration of medical opinion evidence. There are several differences between the old and new versions of the regulations, probably the most significant of which is that the newer version has eliminated the "treating physician rule." *Compare* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2) (applying to cases prior to the amendment of the regulations) *with* 20 C.F.R. §§ 404.1520c(a), 416.920c(a) (applying to later cases). *See also* 82 Fed. Reg. 5844-01, at 5853 (Jan. 18, 2017). Although the medical source's treating relationship with the claimant is still a valid consideration, "the two most important factors for determining the persuasiveness of medical opinions are consistency and supportability." 82 Fed. Reg. at 5853. *See also* §§ 404.1520c(b) and (c), 416.920c(b) and (c). While Plaintiff suggests that the ALJ's analysis failed to comport with these criteria, the Court disagrees.

In assessing the medical opinion evidence, the ALJ thoroughly discussed the objective medical evidence, including diagnostic imaging and clinical examination findings that generally showed no more than mild issues and normal muscle strength and gait. He also referenced Plaintiff's largely effective treatment history and his activities of daily living. (R. 17-19). The ALJ then outlined how this evidence was more supportive of and consistent with the state agency consultants' opinions than with that of Dr. Labuda. (R. 20-21). In doing so, he even acknowledged Dr. Labuda's treating relationship with Plaintiff. (R. 20). All of this constitutes substantial evidence in support of his findings. The Court further notes that the ALJ considered not just the opinions of the state agency consultants, but also that of Mitchell Stotland, M.D., a consultative examiner, all of whom suggested an RFC no more restrictive than what the ALJ ultimately formulated. (R. 19-22).

Much like his argument that Dr. Labuda's opinion is more supported by and consistent with the record than those of the state agency consultants, Plaintiff's argument in regard to the RFC determination in general constitutes a request for the Court to reconsider the evidence and

make a different finding.  However, if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently.  *See Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)); *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986); *Berry*, 738 F. Supp. at 944 (*citing Cotter*, 642 F.2d at 705).  Moreover, "[t]he presence of evidence in the record that supports a contrary conclusion does not undermine the [ALJ's] decision so long as the record provides substantial support for that decision."  *Malloy v. Comm'r of Soc. Sec.*, 306 Fed. Appx. 761, 764 (3d Cir. 2009).  To the extent the Court is being asked to come to its own conclusion based on the evidence, therefore, it declines to do so.

Plaintiff further contends that the ALJ, in making his findings, improperly treated evidence of medical stability as evidence of improvement.  Citing *Morales v. Apfel*, 225 F.3d 310 (3d Cir. 2000), he argues that evidence that a claimant is stable does not demonstrate an ability to return to work.  Plaintiff is correct that evidence of the stability of a claimant's symptoms does not necessarily demonstrate medical improvement or an ability to work; a claimant's debilitating symptoms, even if stable, are still debilitating.  However, the ALJ did not equate stability with improvement or ability to work; rather, he referenced the stability of Plaintiff's conditions in explaining that those conditions had not changed subsequent to earlier relatively benign clinical findings.  (R. 17-18).  In this case, when the ALJ said stable, he meant stable.  Moreover, Plaintiff's symptom stability was just one of many factors considered by the ALJ in analyzing the medical evidence.  *See Jones o/b/o E.D. v. Kijakazi*, No. 1:21-CV-2133, 2022 WL 17660974, at *9 (M.D. Pa. Nov. 8, 2022), *report and recommendation adopted sub nom., Jones on behalf of E.D. v. Kijakazi*, No. 1:21-CV-02133, 2022 WL 17627776 (M.D. Pa. Dec. 13, 2022).

This argument somewhat undercuts Plaintiff's assertion that the ALJ erred in failing to determine two separate RFCs – one for his date last insured that would apply to his DIB claim and one as of the date of decision that would apply to his SSI claim.  This argument, however, relies on the assumption that Plaintiff's condition got worse after his date last insured of December 31, 2019.  Evidence of medical stability, therefore, was relevant in determining if this was in fact the case.  In any event, the RFC determined by the ALJ was as of the date of his decision, December 7, 2021, and was applied to the entire period at issue.  To the extent that the ALJ would have made a separate finding as of Plaintiff's date last insured nearly two years earlier, such an RFC presumably would have been less restrictive.  However, as discussed, the ALJ's reliance on the stability of Plaintiff's conditions implied that he did not (and did not intend to) make separate findings for Plaintiff's DIB and SSI claims.  Rather, he crafted an RFC that represented the most Plaintiff could do at any time during the relevant period.

Throughout his brief, Plaintiff argues that the evidence demonstrates greater restrictions than were included in his RFC.  However, as noted above, the Court cannot accept Plaintiff's invitation to reweigh the evidence and reach its own conclusion.  The ALJ considered the combined effect of all of Plaintiff's symptoms, and his decision is consistent with the governing law and supported by substantial evidence.  The Court therefore will affirm.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 9) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 12) is GRANTED.

<u>s/Alan N. Bloch</u>
United States District Judge

ecf:    Counsel of record